# INTERNATIONAL HARVESTER COMPANY v. NATIONAL BOND & INVESTMENT COMPANY.[1]

December 4, 1931.

No. 28,620.

John W. Creekmur and Naughtin & Henley, for appellant.

Gannon, Strizich & Kleffman and J. C. Parliman, for respondent.

LORING, J.

The plaintiff had a verdict for $970 for the conversion of a truck, and the defendant appealed from an order of the court denying its motion for judgment notwithstanding the verdict or for a new trial.

December 1, 1928, the plaintiff entered into a contract with the Klehm Motor Company of Hibbing, Minnesota, by which the motor company was to sell the plaintiff's motor trucks for the period of one year. It also ordered from the plaintiff 15 six-speed special motor trucks with cabs. The contract reserved title in the plaintiff to any property not fully paid for. It provided that any additional trucks of the models listed therein, ordered and shipped to the

[1]Reported in 239 N. W. 662.

dealer during the term of the contract, should be considered as sold under the provisions of the contract. The contract was filed for record March 9, 1929. The truck here involved is not one of the original 15 covered by the contract, but was a six-speed special sold and delivered to the motor company November 13, 1929, "as per terms and conditions of contract between us" as stated in the written invoice describing it which accompanied the transaction. The evidence tended to show that this truck remained in the possession of the motor company until January 16, 1930, when with the consent of the motor company it was repossessed by the plaintiff and transferred and stored in another garage, from which it was taken by the defendant a few days later. December 2, 1929, the defendant was contemplating taking an assignment from the Klehm Motor Company of a certain note and conditional sales contract purporting to cover the sale of this truck by the motor company to one Henry Korpi of Hibbing, Minnesota. The plaintiff's evidence tends to show that while the defendant had the purchase of this paper under consideration, its representative telephoned the Duluth branch office of the plaintiff and made inquiry in regard to the paper and the truck which it covered. Plaintiff gave the defendant the information that the truck was still the property of the plaintiff under its contract with the Klehm Motor Company, and advised the defendant not to purchase the paper. The defendant admits a conversation, but denies that the tenor of it was as indicated. It appears that the Klehm Motor Company was indebted to the defendant, and, notwithstanding the advice received from the plaintiff, defendant purchased the paper at a discount and the Klehm Motor Company as a part of the same transaction immediately turned over the proceeds to the defendant. In assigning the purported conditional sales contract of Henry Korpi to defendant, the Klehm Motor Company also transferred to the defendant whatever right, title, and interest it had in the truck which the paper described.

The evidence tended to show that the truck remained on the floor of the Klehm Motor Company's sales room in Hibbing and that Korpi never took possession of it. In January the Klehm

Motor Company became financially involved, and by agreement, turned back to the plaintiff the truck here in controversy. There was some dispute in the evidence as to whether the Klehm Motor Company did not also own the garage into which the plaintiff put the truck when it repossessed it. January 23, 1930, the defendant procured a key to the part of the garage in which the truck was stored and in the nighttime removed this and another truck to Duluth.

■ It is the claim of the defendant that the dealer's contract, although properly filed, did not constitute constructive notice of any rights on the part of the plaintiff to this additional truck which was not described therein. Much of its brief and most of its oral argument were devoted to that question. The trial court however took the same view of the question that the defendant does, and charged the jury that the record of the contract was not constructive notice of the plaintiff's rights to anyone dealing with the Klehm Motor Company, and submitted the question of the plaintiff's right to recover solely upon the evidence of actual notice of the plaintiff's rights as conveyed to the defendant by the conversation of December 2, 1929, or upon the defendant's good faith in its purchase of the alleged Korpi contract, it not having taken possession of the truck at the time that the assignment was executed to it by the Klehm Motor Company or at all. The jury found for the plaintiff, and the defendant candidly admits that the dealer's contract, coupled with the provisions of the invoice under which the truck in question was sold to the Klehm Motor Company, was sufficient as between the parties thereto to hold the title in the plaintiff. The evidence of actual notice of plaintiff's rights is ample. We therefore need not discuss the question of constructive notice by virtue of the record. The nomenclature to be applied to the contract of December 1, 1928, becomes wholly immaterial.

■ In charging the jury with reference to the transfer to the defendant of the Klehm Motor Company's interest in the truck, the court very properly charged that the transfer was not accompanied by a transfer of possession, and therefore the burden was upon the defendant to show good faith in the purchase. In the light of all

548

the circumstances, including the conversation of December 2, 1929, we think the jury was justified in finding that the transfer was not in good faith but with full knowledge of plaintiff's rights. Like-wise, we think that the court properly charged the jury that this alleged sale by Klehm Motor Company to defendant was not the kind of a transfer or sale of this truck which the dealer's contract contemplated that the Klehm Motor Company should make. The defendant's other assignments of error merit no discussion here. We have considered them all. The charge of the trial court was a commendably clear exposition of the law as applicable to the some-what complicated situation.

The order appealed from is affirmed.